UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| v. | ) ) ) | CR414-303 |
| OBRYAN MOORE, | ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

In 2015, Obryan Moore was convicted of one count of conspiracy to commit mail fraud, wire fraud, and money laundering. *See* doc. 20 at 1. His sentence included a three-year term of supervised release. *Id.* at 3. His term of supervised release commenced on November 3, 2017. *See* doc. 39 at 1. On April 17, 2020, the Honorable William T. Moore, Jr. issued a warrant based on the United States Probation Office's petition for revocation of his supervised release. *Id.* The warrant was not executed until October 6, 2022. *Id.* at 2.

At his initial appearance before this Court, Moore challenged the Court's jurisdiction over these revocation proceedings. *See* doc. 39. The Court directed the parties to brief their respective positions. *See* doc. 36 (Minute Entry). They complied. *See* docs. 39 & 40. On December 15,

2022, the Court reopened the preliminary hearing to hear further argument. *See* doc. 42. Defendant's jurisdictional challenge is, therefore, ripe for disposition.

"The power of the court to revoke a term of supervised release for violation of a condition of supervised release . . . extends beyond the expiration of the term of supervised release for any period reasonably necessary for the adjudication of matters arising before its expiration if, before its expiration, a warrant or summons has been issued on the basis of an allegation of such a violation." 18 U.S.C. § 3583(i). "Section [ ] 3583(i) is noteworthy . . . insofar as it does *not* merely set a deadline—it expressly authorizes a grant of 'power' to the district court and conditions the existence of that power on a specific and minimally onerous event. [Cit.] The plain language of the statute, then, compels the conclusion that the deadline is jurisdictional." *United States v. Merlino*, 785 F.3d 79, 84 (3d Cir. 2015) (citations omitted); *see also id.* at 93 (Ambro, J. concurring) ("Myriad lower courts have referred to § 3583(i) . . . as implicating jurisdiction, and none of them to my knowledge have questioned that proposition."). The Eleventh Circuit has similarly recognized the Section's jurisdictional character. *See United States v.*

2

*White*, 556 F. App'x 804, 808, 808 n. 1 (11th Cir. 2014) (noting that "[w]hether the district court *had subject matter jurisdiction pursuant to 18 U.S.C. § 3583(i) . . .*" was not waived by defendant's failure to raise the issue in the district court (emphasis added)). This Court has an obligation to examine its jurisdiction, whether challenged by a party or *sua sponte*. *See, e.g., United States v. Lopez*, 562 F.3d 1309, 1311 (11th Cir. 2009); *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) ("[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking.").

Moore alleges that the Court lacks jurisdiction to revoke his term of supervised release "due to the United States' delay in pursuing the allegations made against [him]." Doc. 39 at 7. He contends that the delay between the warrant's issuance in April 2020 and its execution in October 2022, was "due to no other relevant matter besides what the United States Probation Office described as 'COVID related' issues . . . ." Doc. 39 at 6. He notes, in particular, that "[a]t the [October] preliminary hearing . . . , the United States Probation Office[r] testified that [the United States Probation Office] had knowledge of[,] at the very least, Mr. Moore's workplace location and schedule." *Id.* The delay in pursuing

3

adjudication of this matter was, therefore, unreasonable and the Court lacks jurisdiction under § 3583(i). *See id.* at 6-7.

The Government opposes Moore's jurisdictional challenge. *See* doc. 40 at 3-5. The Government's response, however, largely focuses on Federal Rule of Criminal Procedure 32.1. *See id.* It asserts, despite the straightforward and explicit authority discussed above, that "Criminal Procedure Rule 32.1, not 18 U.S.C. § 3583(i), governs supervised release revocation proceedings and contains its own timing provisions." *Id.* at 3. It may be true that Rule 32.1 "contains its own timing provisions," but it does not—nor could it possibly—confer jurisdiction. Unless and until jurisdiction is established, Rule 32.1 and its timing provisions are simply irrelevant. The Government's only discussion of the jurisdictional provision is its assertion that "Defendant cites no case . . . to support the theory that 18 U.S.C. § 3583(i)" imposes any burden on the United States. *Id.* The Government is correct that Defendant has omitted any citation to the considerable directly applicable authority discussed in this Report

and Recommendation.[1] That omission might be fatal, if the Court were not so clearly obligated to investigate its jurisdiction *sue sponte*.

The United States Court of Appeals for the Second Circuit considered precisely the argument that Moore raises here in *United States v. Ramos*, 401 F.3d 111, 116 (2d Cir. 2005) (considering defendant's contention "that the period of time that elapsed between the issuance of the warrant and the commencement of the adjudication of his supervised release violation was not 'reasonably necessary.'"). *Cf. White*, 556 F. App'x at 808 (acknowledging a defendant's jurisdictional argument, under § 3583(i), but rejecting it because he "has not argued, much less shown, that the period between the May 8, 2011 expiration of his supervised release term and the August 24, 2011 revocation was not 'reasonably necessary for the adjudication' of his alleged violation."). The *Ramos* court explained, although "18 U.S.C. § 3583 is concerned with the power of a federal *court* to impose, modify, or revoke a supervised release

---

[1] The Government characterizes defendant's argument as "extraordinary" and novel, and incredibly warns the Court that it should not "wad[e] into uncharted waters". *See* doc. 40 at 3. While the Court cannot commend defendant's failure to cite to any of the "myriad" courts discussing the jurisdictional significance of § 3583(i), the Government's persistent incredulity in response to an argument amply supported, both by the plain text of the statute and by case law, belies either a misunderstanding of the applicable legal principles, an omission of even cursory legal research, or both.

5

term[,] . . . the execution of an arrest warrant by law enforcement is a necessary prerequisite for the adjudication of an alleged supervised release violation, and therefore 'reasonably necessary' to the adjudication." 401 F.3d at 118. Although the court found that there was no unreasonable delay, its reasoning makes clear that such delays are relevant to the jurisdictional analysis.

While multiple courts have considered disputes concerning whether delays in supervised release revocations are "reasonably necessary," so as to preserve jurisdiction under § 3583, the Ninth Circuit's statement of the test is typical and succinct. *See United States v. Morales-Isabarras*, 745 F.3d 398, 401-02 (9th Cir. 2014). "Courts have generally taken a practical approach to the determination of what delays are 'reasonably necessary' for purposes of § 3583(i)." *Id.* at 401 (citations omitted). "Reasonable necessity" is determined "in light of the purpose of § 3583(i), which is to assure reasonable speed of federal adjudication once the defendant is in federal custody to answer such charges. [Cit.] The underlying consideration is the same—reasonableness with respect to the legitimate interests of the defendant and the government." *Id.* (citations and quotations omitted). Various sources of delay have been

6

recognized as "reasonably necessary." *See id.* (discussing prosecutions proceeding contemporaneously with the revocation). As discussed below, the Government's concession that it has no explanation for the delay obviates the need to consider the details of what reasons might rise to the level of reasonable necessity.

The United States District Court for the Eastern District of New York has considered a challenge virtually identical to Moore's. *See generally United States v. Dworkin*, 70 F. Supp. 2d 214 (E.D.N.Y. 1999).[2] In *Dworkin*, the defendant's term of probation expired on January 7, 1997. *Id.* at 216. The court had issued a warrant prior to the expiration of the term, but formal proceedings were not begun for more than two years after the term expired. *Id.* So too here. In these proceedings, at the December 15, 2022 portion of the hearing, the Assistant United

---

[2] Although *Dworkin* is squarely analogous to the instant facts, there is a superficial distinction. *Dworkin* considered a challenge to the court's jurisdiction over a probation revocation proceeding, pursuant to 18 U.S.C. § 3565(c). *See* 70 F. Supp. 2d at 216. Despite the different statutory basis, "[t]he language of § 3565(c) tracks the language of § 3583(i) almost *verbatim*, with the exception that 'probation' is used in place of 'supervised release.'" *United States v. Dumas*, 217 F. Supp. 3d 1310, 1312 (N.D. Ala. 2016). *Dumas* also acknowledged "that the Eleventh Circuit treats supervised release revocations and probation revocations the same." *Id.* at 1311-12 (citing *United States v. Frazier*, 26 F.3d 110, 113 (11th Cir. 1994); *United States v. Lee*, 477 F. App'x 539, 540 (11th Cir. 2010)). The Court, therefore, does not consider the facial distinction between the statues at issue in *Dworkin* and this case as a meaningful one. *See United States v. Garrett*, 253 F.3d 443, 448-49 (9th Cir. 2001) (discussing *Dworkin* in consideration of a challenge pursuant to § 3583(i)).

7

States Attorney stated the Government's position that it had "no specific explanation" for the delay at issue. The *Dworkin* court confronted a similar situation in which "the government offers no 'necessity' for the delay in bringing about an 'adjudication' of the alleged violation." 70 F. Supp. 2d at 216-17. This Court should, therefore, conclude, as the *Dworkin* court did, that, "[s]ince there was no, let alone a 'reasonable,' necessity to delay the revocation proceeding . . . [§ 3583] stripped this court of its power to revoke [supervised release] and impose another sentence." *Id.*

Accordingly, the Court should **DISMISS** the Motion on Revocation of Supervised Release for lack of jurisdiction. Doc. 23. Moore also challenges the validity of the warrant issued. Since the Court lacks jurisdiction, even assuming that the warrant was valid, the Court does not reach the issue.

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate

Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this 20th day of December, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA